J-S47018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARYL BURNS | : | |
| | : | |
| Appellant | : | No. 874 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 4, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007485-2019

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED JANUARY 3, 2024**

Daryl Burns appeals from the judgment of sentence entered following his convictions for murder of the first degree[1] and other crimes.  We affirm.

On July 15, 2018, Burns attended a cookout at the home of Vitia Wilson. Also at the cookout were Wilson's fiancé Richard Jackson (the victim), Wilson's daughter Erica Lyons, Lyons' baby, Burns' brother Marcus (the baby's father), and Burns' cousin Tamir Pinkney.

As the cookout came to an end, Jackson told Marcus to stop selling drugs and to get a job to care for his baby.  Burns interjected and fought with Jackson.  Marcus and Wilson joined in the fight, which left Jackson with a black

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a).

eye. After the fight, Burns, Marcus, and Pinkney were asked to leave. They walked away. Jackson also left the cookout and went to his house.

Later that night, Burns, Marcus, and Pinkney walked to Jackson's house. A neighbor across the street, Cinette Washington, watched as Burns gestured for Marcus and Pinkney to sit down while Burns went to the door. Burns calmly knocked on the door and identified himself. When Jackson opened the door, Burns shot him once in the chest. Burns, Marcus, and Pinkney walked away. Police rushed Jackson to the hospital, where he was pronounced dead.

Surveillance video captured Burns, Marcus, and Pinkey walking near the house. Wilson identified the group on the video. Washington identified Burns as the man she saw shoot Jackson.

Following trial in May of 2022, a jury found Burns guilty. On October 4, 2022, the trial court sentenced Burns to an aggregate term of life in prison. Burns filed a post-sentence motion on October 14, 2022, which was denied by operation of law on February 14, 2023. Burns appealed.[2] Burns and the trial court complied with Pennsylvania Rule of Criminal Procedure 1925.

---

[2] Burns had until March 16, 2023, to file a timely notice of appeal. Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(2)(b). The Philadelphia Office of Judicial Records did not stamp Burns' notice of appeal until March 20, [2023]. However, it is clear that Burns delivered his notice of appeal to prison authorities for mailing prior to the deadline. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (applying "the prisoner mailbox rule to all appeals by *pro se* prisoners"); **see also Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (requiring a court to docket a *pro se* notice of appeal from a defendant who has an attorney). We thus accept Burns' appeal as timely.

Burns puts two issues in one question[3]: "Did the trial judge err as a matter of law by allowing a verdict of first-degree murder to stand which was against the weight and sufficiency of evidence?" Burns' Brief at 7. In his brief, Burns attacks his murder conviction by alternative means: First, Burns argues that the evidence was insufficient to prove that he was the shooter or that he had the specific intent to kill. Second, Burns submits that the verdict was against the weight of the evidence because the jury did not consider that he was not the shooter or that he lacked the intent to kill.

Challenges to the sufficiency and weight of the evidence follow distinct standards of review. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). The standard for sufficiency is as follows:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Id.* at 751 (citations omitted).

The elements of murder of the first degree are "that a human being was unlawfully killed; the person accused is responsible for the killing; and the accused acted with specific intent to kill." *Commonwealth v. Housman*,

---

[3] We do not endorse combining multiple issues into one question on appeal. Nonetheless, Burns' format does not hinder our review.

226 A.3d 1249, 1271 (Pa. 2020). A defendant's identity as the shooter, like any element, may be proven by circumstantial evidence. **Commonwealth v. Williams**, 255 A.3d 565, 579 (Pa. Super. 2021). So, too, the Commonwealth may use circumstantial evidence to prove that a defendant had the specific intent to kill; a jury can "infer that the defendant intended to kill a victim based on the defendant's use of a deadly weapon on a vital part of the victim's body." **Housman**, 226 A.3d at 1271.

Here, the trial court rejected Burns' general challenge to evidentiary sufficiency of his murder conviction:

> [T]he Commonwealth presented evidence which included video surveillance, physical evidence, and eyewitness testimony. Although video surveillance did not capture the killing, video surveillance showed [Burns] walking away from the crime scene [shortly after the murder]. Most importantly, eyewitness Cinetta Washington observed the murder as she watched [Burns] walk up to [Jackson's] residence, take a gun out from under his shirt, point it at [Jackson,] and shoot him in the chest. Erica Lyons and her mother Vitia Wilson also testified that a physical and verbal altercation occurred between Mr. Jackson and [Burns] earlier that evening which shows [Burns'] motive. [Burns] went to Mr. Jackson's house, knocked on the door, waited for him to answer and then at close range, fired one bullet into [Jackson's chest], killing him. [Jackson] was unarmed.

Trial Court Opinion, 6/27/23, at 6–7.

We agree with the trial court that the evidence was sufficient to sustain Burns' conviction for murder of the first degree. The jury was free to credit the witnesses' identification of Burns as the man who walked to Jackson's house with Marcus and Pinkney, identified himself, and shot Jackson in the chest. Furthermore, the jury could infer that Burns had the specific intent to

kill because Burns waited for Jackson to open the door and then shot Jackson in the chest. **Housman**, 226 A.3d at 1271. Because the evidence is sufficient to sustain Burns' conviction for murder of the first degree, Burns is not entitled to relief on his sufficiency challenge.

Turning to Burns' weight challenge, we observe that a claim "that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." **Widmer**, 744 A.2d at 751–52. A trial court grants a new trial on this basis only if "the evidence [is] so tenuous, vague and uncertain that the verdict shocks the conscience of the [trial] court." **Commonwealth v. Hobel**, 275 A.3d 1049, 1071 n.9 (Pa. Super. 2022). Accordingly, this Court will not reverse a trial court's ruling on a weight claim unless the trial court abused its discretion:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Widmer**, 744 A.2d at 753 (citations omitted).

Here, the trial court considered the evidence presented at trial and rejected Burns' claim that the verdict was against the weight of the evidence:

> In the instant case, Ms. Washington identified [Burns] as the shooter while Ms. Wilson identified [Burns] when shown a photo

array and gave testimony which corroborated Ms. Washington and Erica [Lyons'] version of events. All three witnesses were further corroborated by evidence establishing [Burns'] motive for the crime and video surveillance. **The jury's decision to credit the Commonwealth's eyewitness testimony under such circumstances does not "shock the [conscience.]"**

Trial Court Opinion, 6/27/23, at 8–9 (emphasis added).

We discern no abuse of discretion. The trial court observed the evidence that was presented to the jury and determined that the resulting verdict did not shock the court's conscience. The trial court's treatment of this issue appropriately recognizes that the jury was free to credit the consistent, corroborated evidence and find that Burns shot Jackson with the specific intent to kill. As Burns has not demonstrated an abuse of discretion, his weight challenge fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/03/2024